<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC PLASTIC & HAND SURGERY, P.A., <br><br> Plaintiff, <br><br> v. <br><br> MERITAIN HEALTH, INC. and ABC CORPORATIONS 1-10, <br><br> Defendants. | Civil Action No. 23-22455 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Meritain Health, Inc.'s ("Meritain") Motion to Dismiss. (ECF No. 5.) Plaintiff Atlantic Plastic & Hand, P.A. ("Atlantic") opposed (ECF No. 6-2), and Meritain replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Meritain's Motion to Dismiss.

**I.    BACKGROUND**[1]

This matter concerns payment for emergency surgery performed by an out-of-network healthcare provider on a patient. (*See generally* Compl., ECF No. 1.) Atlantic is a New Jersey-based healthcare provider, whose principal, Dr. Michael Risin ("Risin"), is a

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Board-Certified Plastic and Reconstructive Surgeon. (*Id.* ¶¶ 1, 14-15.) Meritain is a medical insurance corporation headquartered in New York. (*Id.* ¶¶ 1, 5.)[2] The Meritain plan at issue is administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). (Ex. A to Def.'s Moving Br. 79, ECF No. 5-3.)

On November 4, 2019, Risin rendered "medically necessary" treatment to Patient S.B. (the "Patient") at the emergency room in JFK Medical Center (the "Hospital").[3] (*Id.* ¶¶ 5, 16-17). Before Risin treated the Patient, the Hospital obtained pre-authorization from Meritain to perform "medically necessary" treatment on the Patient "through the emergency room department." (Compl. ¶ 17.)[4] The authorization was "also applicable to all physicians, including Dr. Risin, as principal of Plaintiff." (*Id.*)

After Risin treated the Patient, Atlantic billed Meritain $76,590.00 for the surgery that Risin performed; this price represents the "normal and reasonable charges" for the surgery. (*Id.* ¶ 18.) Meritain paid $2,152.92 of the bill (*Id.* ¶ 19), then issued an Explanation of Benefits ("the EOB") on December 11, 2019 in which it "unliterally and without agreement with [Atlantic]" applied a provider discount (the "Provider's Discount") which reduced the outstanding balance of $74,437.08 to $0.00. (*Id.* ¶ 20.) Atlantic thus contends that Meritain underpaid the costs of the Patient's surgery by $74,437.08. (*See id.*)

---

[2] Additionally, Atlantic filed claims against Defendants ABC Corporations 1-10 which are yet to be identified. (Compl. ¶ 3.)

[3] The Patient received medical benefits through Meritain as a dependent of plan member R.B. (the "Plan Member"). (Compl. ¶¶ 5, 16-17.)

[4] The totality of Atlantic's allegations as to the authorization are as follows: "The Hospital, as part of the normal business practice, obtained authorization from Defendant for the medically necessary treatment of the Patient through the emergency room department." (Compl. ¶ 17.)

On October 17, 2023, Atlantic filed claims for breach of contract (the "First Count"), promissory estoppel (the "Second Count"), unjust enrichment (the "Third Count"), and fraud (the "Fourth Count") in the Superior Court of New Jersey, Law Division, Monmouth County. (*See generally id.*) On November 17, 2023, Meritain removed the case to this Court. (ECF No. 1.) Meritain then moved to dismiss Atlantic's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[5] (Def.'s Moving Br., ECF No. 5.) Atlantic opposed (Pl.'s Opp'n Br., ECF No. 6-2), and Meritain replied (Def.'s Reply Br., ECF No. 11).

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[ ] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v.*

---

[5] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). In considering a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

### III.  DISCUSSION

For the following reasons, the Court dismisses without prejudice Atlantic's First Count (Breach of Contract), Second Count (Promissory Estoppel), and Fourth Count (Fraud), but finds that Atlantic has properly plead its Third Count (Unjust Enrichment).[6]

### A.  First and Second Counts—Breach of Contract and Promissory Estoppel

Atlantic alleges that an implied-in-fact contract was formed when Meritain authorized the Patient's medical services, or, in the alternative, promised to pay for the Patient's services and

---

[6] The Court pauses on Meritain's attempt to "reserve" the "right to file an ERISA preemption motion as necessary." (Def.'s Moving Br. 2-3 n.2.) The Court notes that Meritain cannot "reserve" preemption arguments because such arguments are affirmative defenses. *See Rehab. Inst. of Pittsburgh v. Equitable Life Assur. Soc. of U.S.*, 131 F.R.D. 99, 101 (W.D. Pa. 1990), *aff'd without opinion*, 937 F.2d 598 (3d Cir. 1991) ("ERISA preemption is a waivable affirmative defense"). The Court, however, does not find that Meritain has waived its right to assert ERISA preemption because, although it impermissibly tried to "reserve" that defense, Meritain alleged it with enough specificity that Atlantic had sufficient notice to respond to Meritain's arguments.

Atlantic relied on that promise. (*See generally* Compl.) Neither theory can survive Defendant's Motion.

To sustain a breach of contract claim[7] under New Jersey law,[8] Atlantic must allege facts showing that: (1) it entered into a contract with Meritain "containing certain terms"; (2) Atlantic performed its contractual obligations; (3) Meritain breached by failing to perform its contractual obligations; and (4) Atlantic suffered damages because of Meritain's breach. *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). To sustain a promissory estoppel claim under New Jersey law, on the other hand, Atlantic must allege facts showing that: (1) Meritain made "a clear and definite promise"; (2) Meritain made that promise "with the expectation that [Atlantic] will rely on it"; (3) Atlantic "reasonably" relied on the promise; and (4) Atlantic relied on that promise to its "definite and substantial detriment." *Goldfarb*, 245 A.3d at 570 (quoting *Toll Bros, Inc. v. Bd. of Chosen Freeholders of Burlington*, 944 A.2d 1, 19 (N.J. 2008)). Importantly, both breach of contract and promissory estoppel require a plaintiff to allege facts sufficient to show certain promises were made between the parties. *See Comprehensive Neurosurgical*, 312 A.3d at 266; *Goldfarb*, 245 A.3d at 570, 578; *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, No. 22-227, 2022 WL 4115701, at * 2 (D.N.J. Sept. 9, 2022) (finding

---

[7] A valid implied-in-fact contract is "no different than [an] express contract[]" and requires the same elements be met as a contract formed by an express agreement. *Comprehensive Neurosurgical, P.C. v. Valley Hosp.*, 312 A.3d 243, 266 (N.J. 2024); *see also Matter of Penn Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987) ("The elements necessary to form an implied-in-fact contract are identical to those required for an express agreement.").

[8] The parties do not dispute that New Jersey law applies to Atlantic's claims, and so for the purposes of the present motion, this Court will apply New Jersey law. *See Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 591 n.5 (D.N.J. 2016) ("Since [p]laintiffs have made their allegations under New Jersey law and both parties have briefed the sufficiency of the claims under New Jersey law, the Court will, for purposes of deciding the present motion to dismiss, apply New Jersey law.")

that both breach of contract and promissory estoppel claims depended on the terms of alleged authorizations from an insurance company to a hospital).

In both the First and Second Counts, Atlantic asserts that a contract was formed with Meritain or a clear and definite promise was made by Meritain to Atlantic when the Hospital received authorization from Meritain to perform "medically necessary" surgery on the Patient. (Compl. ¶¶ 16-17, 24, 26, 27, 30.) As such, Atlantic's claims for breach of implied contract and promissory estoppel both rest on the alleged authorization that the Hospital received from Meritain to perform "medically necessary" surgery on the Patient. (*Id.* ¶ 17.)

Crucially, Atlantic does not provide sufficient details as to the alleged authorization for the Court to consider whether any legally-sufficient promise was made by Meritain. To be clear, Atlantic offers no allegations as to: (1) how the authorization manifested (*i.e.* written or orally); (2) the specified costs that Meritain agreed to cover (if any); or (3) what representations were made that Atlantic has construed as a promise to pay other than the single fact that an authorization of some sort occurred. (*See* Pl.'s Opp'n Br. 3; *see generally* Compl.) Simply put, Atlantic's contract-based allegations are conclusory in that they simply state a promise was made without any facts to assess the contours, let alone the existence, of any such promise. *Premier Orthopaedic Assocs. of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, 675 F. Supp. 3d 487, 494, 495 (D.N.J. 2023) (finding that "merely alleging that [an insurer] authorized the surgery–medically necessary or not–cannot, without more, establish an implied contract between the parties" or sustain a promissory estoppel claim). Atlantic therefore does not adequately allege that it formed a contract "containing certain terms" or that it relied on a "clear and definite promise" from Meritain to pay for the surgery. *Goldfarb*, 245 A.3d at 577; *see also Bergen Plastic*, 2022 WL 4115701, at *2

(citing *Weichert Co., Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992)).[9] Accordingly, the Court grants Meritain's motion to dismiss the First and Second Counts for failure to state a claim under Rule 12(b)(6).

### B. Count Three—Unjust Enrichment[10]

Atlantic has properly plead a claim for unjust enrichment at this stage. To establish unjust enrichment under New Jersey law, Atlantic must demonstrate that Meritain "received a benefit and that retention of that benefit without payment would be unjust." *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 557 (N.J. 2016) (quoting *Iliadis v. Wal–Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007)). Further, Atlantic must show that it expected remuneration from Meritain when Risin treated the Patient. *See id.*

Atlantic states that it provided medically necessary services to the Patient and expected Meritain to pay the "usual, customary[,] and reasonable rates" for those services when Meritain gave the authorization to the Hospital. (Compl. ¶¶ 35-36.) Importantly, Atlantic alleges that it

---

[9] Atlantic also argues that a contract was created through Meritain's "course of conduct and interaction with Plaintiff and the Hospital where he performed the Surgery" (Compl. ¶ 24), and that Meritain knew that Atlantic was "an out-of-network provider" when it gave the authorization to the Hospital (*id.* ¶ 22). Atlantic, however, alleges no facts establishing that it had any prior interactions or course of conduct with Defendant that might lead Atlantic to expect any payment for the Patient's care. (*Id.* ¶ 25.) Instead, Atlantic alleges the existence of only a single authorization. (*See generally id.*)

[10] Meritain contends that Atlantic cannot simultaneously plead breach of contract, promissory estoppel, and unjust enrichment. (Def.'s Moving Br. 13-14.) While it is true that Atlantic cannot collect damages for breach of contract and recover the same damages on a quasi-contract theory such as promissory estoppel or unjust enrichment, federal courts applying New Jersey law have generally declined to dismiss quasi-contract claims that are pleaded along with express contract claims because Rule 8 permits alternative pleading. Fed. R. Civ. P. 8(d)(2), (3); *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d. 407, 416 (D.N.J. 2021) (citing *Gap Props., LLC v. Cairo*, No. 19-20117, 2020 WL 7183509, at *4 (D.N.J. Sept. 17, 2020)). This Court, therefore, finds that Atlantic may simultaneously plead breach of contract, promissory estoppel, and unjust enrichment. Atlantic just cannot, in the end, collect on all three theories.

received from Meritain only $2,152.92 of the $76,590.00 Atlantic billed for the Patient's medical services. (*Id.* ¶¶ 18, 38.) Therefore, Atlantic avers that Meritain benefitted where it retained $74,437.08 owed to Atlantic despite Meritain receiving "higher premiums for providing out-of-network emergency benefits." (*Id.* ¶ 40.) These allegations are sufficient to sustain an unjust enrichment claim absent any persuasive contrary contention by Meritain.

Meritain responds to Atlantic's allegation by asserting that the benefit that Atlantic received was the medical treatment that Risin rendered to the Patient. The unjust enrichment claim thus fails, Meritain argues, because the Patient received the benefit at issue, not Atlantic. (Def.'s Moving Br. 13.) Crucially, however, Meritain's argument is contradicted by recent Third Circuit precedent. Interpreting New Jersey law, the Third Circuit explained that "where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is not the provision of the healthcare services *per se*, but rather the discharge of the obligation the insurer owes to its insured." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 240 (3d Cir. 2020) (footnote omitted). As applied here, and taking Atlantic's allegations as true, Atlantic has successfully stated an unjust enrichment claim where it avers that Meritain benefitted by collecting high insurance premiums from the Patient and not discharging its obligation to Atlantic. *See also MedWell, L.L.C. v. Cigna Corp.*, No. 20-10627, 2021 WL 2010582, at *1, 5 (D.N.J. May 19, 2021) (allowing out-of-network healthcare provider's unjust enrichment claim to proceed against health insurance company where a plan governed by ERISA included coverage for medical services performed by an out-of-network provider) (citing *Plastic Surgery*, 967 F.3d at 240). This Court, therefore, denies Meritain's motion to dismiss the Third Count.

### C.     Fourth Count—Fraud

Finally, Atlantic's fraud allegations do not satisfy the heightened pleading standard under Rule 9(b). Under Rule 9(b), "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where[,] and how of the events at issue.'" *SCP Distribs., LLC v. Nicholas Pools Inc.*, No. 22-6721, 2023 WL 6130635, at *4 (D.N.J. Sept. 19, 2023) (quoting *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)). To sustain a claim of fraud under New Jersey law, Atlantic must establish that there was: (1) a material misrepresentation of presently existing or past fact; (2) knowledge or belief by Meritain of its falsity; (3) an intention by Meritain that Atlantic rely on the misrepresentation; (4) reasonable reliance thereon by Atlantic; and (5) resulting damages to Atlantic. *See Allstate N.J. Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015).

Atlantic contends that Meritain committed fraud by falsely telling the Patient and the Plan Member in the EOB that there was a Provider's Discount of $74,437.08 (the remaining unpaid balance) which meant that the Patient owed $0.00 to Atlantic. (Compl. ¶¶ 44, 46.) This Provider Discount, Atlantic alleges, is "fictitious." (*Id.* ¶ 52). In sum, Atlantic alleges that Meritain knew or

9

should have known that the discount did not exist, but told the Patient about this discount with the intent for the Patient and/or the Plan Member to rely on it to underpay Atlantic. (*Id.* ¶¶ 45-47.)[11]

The facts provided, however, are not sufficiently particular to survive Rule 9(b). Specifically, the Court finds that Atlantic's allegations are conclusory with respect to falsity (i.e. whether what Meritain represented in offering the discount was false). Other than a blanket declaration that the discount was fictitious, Atlantic offers no further clarifying allegations to explain *how* or *why* Meritain's offering of the discount was false or materially misrepresentative. *U.S. ex rel. Moore*, 812 F.3d at 307. Instead, Atlantic simply asks the Court to infer falsity from the fact that the discount existed. Such inferences as to falsity are not appropriate under Rule 9(b). *See Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-663, 2015 WL 9049273, at *7 (D.N.J. Dec. 16, 2015) (finding that under Rule 9(b) "plaintiffs may not benefit from inferences they may get under a traditional Rule 12(b)(6) analysis"). Accordingly, Atlantic's fraud claim fails at this time, and must be dismissed.

---

[11] Meritain responds by stating that the fraud allegation is a "chronological impossibility" because the EOB was issued after Risin performed surgery on the Patient and a document issued after medical services were provided could not have induced Atlantic to render them. (Def.'s Moving Br. 16.) Meritain's argument, however, misconstrues Atlantic's fraud claim. Atlantic's claim turns on whether Meritain intended for the Patient or the Plan Member to reasonably rely on Meritain's statements that its balance to Atlantic was fulfilled *after* Atlantic provided medical services to the Patient. If this Court accepts Plaintiff's allegations as true, the Court must accept that the EOB contained false statements and resulted in Atlantic not receiving the remaining balance from the Patient or Plan Member. The "timing" of the EOB's issuance by Meritain after the Patient's surgery, therefore, is irrelevant in considering Atlantic's fraud allegations against Meritain.

IV.  **CONCLUSION**

For the reasons outlined above, Meritain's motion to dismiss is granted in part and denied in part. An order consistent with this Memorandum Opinion will follow.

/s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC PLASTIC & HAND SURGERY, P.A.,<br><br>Plaintiff,<br><br>v.<br><br>MERITAIN HEALTH, INC. and ABC CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No. 23-22455 (MAS) (JBD)<br><br>**ORDER** |

This matter comes before the Court upon Defendant Meritain Health, Inc.'s ("Meritain") Motion to Dismiss. (ECF No. 5.) Plaintiff Atlantic Plastic & Hand, P.A. ("Atlantic") opposed (ECF No. 6-2), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined in the Court's Memorandum Opinion,

**IT IS** on this 18th day of July 2024, **ORDERED** as follows:

1. Meritain's Motion to Dismiss (ECF No. 5) is **GRANTED** in part and **DENIED** in part.

2. Meritain's Motion to Dismiss the First Count is **GRANTED**

3. Meritain's Motion to Dismiss the Second Count is **GRANTED**.

4. Meritain's Motion to Dismiss the Fourth Count is **GRANTED**.

5. The First, Second, and Fourth Counts are **DISMISSED WITHOUT PREJUDICE.**

6. Meritain's Motion to Dismiss the Third Count is **DENIED**.

7. Atlantic is granted 30 days from the filing of this Order on the docket to file an amended complaint.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE